UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SALVADOR MENDOZA, on behalf of himself and others similarly situated,<br><br>      Plaintiff,<br><br>      -against-<br><br>AZK RESTAURANT, INC. d/b/a 3 GUYS RESTAURANT, and KONSTANTINOS ATHANASIOU,<br><br>      Defendants. | Case No. 16-CV-2286 (CM)(KNF)<br><br>**ANSWER TO FLSA COLLECTIVE ACTION AND RULE 23 CLASS ACTION COMPLAINT** |

Defendants AZK Restaurant, Inc. d/b/a 3 Guys Restaurant ("3 GUYS") and Konstantinos Athanasiou ("Athanasiou") (collectively, "Defendants"), by and through their attorneys, LITTLER MENDELSON, P.C., as and for their Answer to the FLSA Collective Action and Rule 23 Class Action Complaint ("Complaint") filed by Plaintiff Salvador Mendoza ("Plaintiff"), hereby respond as follows:

## ANSWER TO PLAINTIFF'S UNNUMBERED PARAGRAPH ON PAGE 1

To the extent that an answer is required to the unnumbered paragraph on page 1 of the Complaint, Defendants deny the statements therein.

## INTRODUCTION

1.     Defendants deny the allegations set forth in paragraph "1" of the Complaint, except admit that Plaintiff purports to proceed as referred to therein.

2.     Defendants deny the allegations set forth in paragraph "2" of the Complaint, except admit that Plaintiff purports to proceed as set forth therein.

## JURISDICTION AND VENUE

3.    Defendants deny the allegations set forth in paragraph "3" of the Complaint, except admit that Plaintiff seeks to invoke the jurisdiction and supplemental jurisdiction of the Court under the statutes referred to therein.

4.    Paragraph "4" of the Complaint sets forth conclusions of law to which no response is necessary. To the extent a response is deemed necessary, Defendants deny the allegations set forth in paragraph "4" of the Complaint, except admit that venue is proper in this District as to Plaintiff's Fair Labor Standards Act ("FLSA") claims, but deny that venue is proper in this District as to any of Plaintiff's claims brought pursuant to New York state laws, rules, and/or regulations.

## PARTIES

5.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegation set forth in paragraph "5" that Plaintiff is a resident of New York County, New York.

6.    Defendants admit the allegations set forth in paragraph "6" of the Complaint.

7.    Defendants deny the allegations set forth in paragraph "7" of the Complaint, except admit that Defendant Athanasiou is an owner of 3 GUYS.

8.    Defendants deny the allegations set forth in paragraph "8" of the Complaint, except admit the allegations with respect to Plaintiff only.

9.    Defendants deny the allegations set forth in paragraph "9" of the Complaint, except admit the allegations with respect to Plaintiff only.

10.    Paragraph "10" of the Complaint sets forth conclusions of law to which no response is necessary. To the extent a response is deemed necessary, Defendants deny the

allegations set forth in paragraph "10" of the Complaint, except admit that Defendants engage in interstate commerce and/or the production of goods for commerce and had annual gross revenue in excess of $500,000 for the past three (3) years.

11.     Defendants deny the allegations set forth in paragraph "11" of the Complaint, except admit that Plaintiff was hired in or around April/May 2012 as a dishwasher/delivery worker to work at 3 GUYS.

12.     Defendants deny the allegations set forth in paragraph "12" of the Complaint.

13.     Defendants deny the allegations set forth in paragraph "13" of the Complaint.

14.     Defendants deny the allegations set forth in paragraph "14" of the Complaint.

15.     Defendants deny the allegations set forth in paragraph "15" of the Complaint.

16.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16," except Defendants deny waiving any condition precedents to the institution of this action.

## STATEMENT OF FACTS

17.     Defendants deny the allegations set forth in Paragraph "17" of the Complaint, except admit the allegations with respect to Plaintiff only.

18.     Defendants deny the allegations set forth in Paragraph "18" of the Complaint, except admit that Defendant Athanasiou participated in the operations of 3 GUYS during the period of Plaintiff's employment.

19.     Defendants deny the allegations set forth in paragraph "19" of the Complaint, except admit that Plaintiff was hired in or around April/May 2012 as a dishwasher/delivery worker to work at 3 GUYS.

20.     Defendants deny the allegations set forth in paragraph "20" of the Complaint.

21.     Defendants deny the allegations set forth in paragraph "21" of the Complaint, except admit that Plaintiff worked over forty (40) hours on certain weeks during the course of his employment for 3 GUYS.

22.     Defendants deny the allegations set forth in paragraph "22" of the Complaint.

23.     Defendants deny the allegations set forth in paragraph "23" of the Complaint.

24.     Defendants deny the allegations set forth in paragraph "24" of the Complaint.

25.     Defendants deny the allegations set forth in paragraph "25" of the Complaint.

26.     Defendants deny the allegations set forth in paragraph "26" of the Complaint.

27.     Defendants deny the allegations set forth in paragraph "27" of the Complaint.

28.     Defendants deny the allegations set forth in paragraph "28" of the Complaint.

## COLLECTIVE ACTION ALLEGATIONS

29.     Defendants deny the allegations set forth in paragraph "29" of the Complaint, except admit that Plaintiff purports to bring this action as a collective action pursuant to the FLSA on behalf of all current and former non-exempt employees who have been or were employed by Defendants since March 29, 2013.  Defendants further deny that this action is appropriately maintained as a class or collective action under the FLSA or NYLL, that any relief is due and owing, and that any collective/class action should be certified.

30.     The allegations set forth in paragraph "30" of the Complaint concerning numerosity and the impracticability of joinder constitute legal conclusions which require neither an admission nor a denial.  To the extent a response is deemed necessary, Defendants deny them, and further deny the remaining allegations set forth in paragraph "30" of the Complaint, except admit certain information regarding the putative collective action members is within their possession, custody, or control.

31.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegation set forth in paragraph "31" of the Complaint.

32.     The allegations set forth in paragraph "32" of the Complaint concerning inconsistent or varying adjudications constitute legal conclusions which require neither an admission nor a denial.  To the extent a response is deemed necessary, Defendants deny them, and further deny the remaining allegations set forth in paragraph "32" of the Complaint,

33.     The allegations set forth in paragraph "33" of the Complaint concerning fair and efficient adjudication of any controversy and the impracticability of joinder constitute legal conclusions which require neither an admission nor a denial.  To the extent a response is deemed necessary, Defendants deny them, and further deny the remaining allegations set forth in paragraph "33" of the Complaint.

34.     Paragraph "34" of the Complaint, including all subparagraphs (a) through (g), sets forth conclusions of law to which no response is necessary.  To the extent a response is deemed necessary, Defendants deny the allegations set forth in paragraph "34" of the Complaint. Defendants further deny that this action is appropriately maintained as a class or collective action under the FLSA or NYLL, that any relief is due and owing, and that any collective/class action should be certified.

35.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "35" of the Complaint.

36.     Defendants deny the allegations set forth in paragraph "36" of the Complaint.

## CLASS ACTION ALLEGATIONS

37.     Defendants deny the allegations set forth in paragraph "37" of the Complaint, except admit that Plaintiff purports to bring this action as a class action as referred to therein.

38.     Defendants deny the allegations set forth in paragraph "38" of the Complaint, except admit that Plaintiff purports to bring this action as a class action pursuant to the NYLL on behalf of all former non-exempt employees who were employed by Defendants since March 29, 2010.  Defendants further deny that this action is appropriately maintained as a class or collective action under the FLSA or NYLL, that any relief is due and owing, and that any collective/class action should be certified.

39.     The allegations set forth in paragraph "39" of the Complaint concerning numerosity and the impracticability of joinder constitute legal conclusions which require neither an admission nor a denial.  To the extent a response is deemed necessary, Defendants deny them, and further deny the remaining allegations set forth in paragraph "39" of the Complaint, except admit certain information regarding the putative class action members is within their possession, custody or control.

40.     The allegations set forth in paragraph "40" of the Complaint concerning fair and efficient adjudication of any controversy which require neither an admission nor a denial.  To the extent a response is deemed necessary, Defendants deny them, and further deny the remaining allegations set forth in paragraph "40" of the Complaint.

41.     Paragraph "41" of the Complaint sets forth conclusions of law to which no response is necessary.  To the extent a response is deemed necessary, Defendants deny the allegations set forth in paragraph "41" of the Complaint. Defendants further deny that this action is appropriately maintained as a class or collective action under the FLSA or NYLL, that any relief is due and owing, that any collective/class action should be certified, and that Plaintiff and/or putative collective/class members are entitled to any declaratory or injunctive relief in this action.

42.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "42" of the Complaint.

43.     Defendants deny the allegations set forth in paragraph "43" of the Complaint, except that Defendants deny knowledge or information sufficient to form a belief related to Plaintiff's ability to serve as a class representative, and therefore, deny the allegations concerning the adequacy of his ability to represent the interests of a putative class or collective action members.

44.     Paragraph "44" of the Complaint sets forth conclusions of law to which no response is necessary. To the extent a response is deemed necessary, Defendants deny the allegations set forth in paragraph "44" of the Complaint. Defendants further deny that this action is appropriately maintained as a class or collective action under the FLSA or NYLL, that any relief is due and owing, and that any collective/class action should be certified.

45.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "45" of the Complaint.

46.     Paragraph "46" of the Complaint, including all subparagraphs (a) through (h), sets forth conclusions of law to which no response is necessary. To the extent a response is deemed necessary, Defendants deny the allegations set forth in paragraph "46" of the Complaint. Defendants further deny that this action is appropriately maintained as a class or collective action under the FLSA or NYLL, that any relief is due and owing, and that any collective/class action should be certified.

## STATEMENT OF CLAIM

### COUNT I
### [Violation of the Fair Labor Standards Act]

47.     In response to the allegations set forth in paragraph "47" of the Complaint, Defendants repeat and reallege their responses to paragraphs "1" through "46" of the Complaint as if each were fully set forth herein.

48.     Paragraph "48" of the Complaint sets forth conclusions of law to which no response is necessary. To the extent a response is deemed necessary, Defendants deny the allegations set forth in paragraph "48" of the Complaint, except admit that 3 GUYS was engaged and continues to engage in commerce by selling and/or providing goods and/or services to its customers.

49.     Paragraph "49" of the Complaint sets forth conclusions of law to which no response is necessary. To the extent a response is deemed necessary, Defendants deny the allegations set forth in paragraph "49" of the Complaint, except admit that Plaintiff was employed by 3 GUYS.

50.     Defendants deny the allegations set forth in paragraph "50" of the Complaint, except admit that 3 GUYS had annual gross revenue in excess of $500,000 for the past three (3) years.

51.     Defendants deny the allegations set forth in paragraph "51" of the Complaint.

52.     Defendants deny the allegations set forth in paragraph "52" of the Complaint.

53.     Defendants deny the allegations set forth in paragraph "53" of the Complaint.

54.     Paragraph "54" of the Complaint sets forth conclusions of law to which no response is necessary. To the extent a response is deemed necessary, Defendants deny the allegations set forth in paragraph "54" of the Complaint.

55.     Defendants deny the allegations set forth in paragraph "55" of the Complaint.

56.     Paragraph "56" of the Complaint sets forth conclusions of law to which no response is necessary. To the extent a response is deemed necessary, Defendants deny the allegations set forth in paragraph "56" of the Complaint.

57.     Defendants deny the allegations set forth in paragraph "57" of the Complaint.

58.     Paragraph "58" of the Complaint sets forth conclusions of law to which no response is necessary. To the extent a response is deemed necessary, Defendants deny the allegations set forth in paragraph "58" of the Complaint.

59.     Defendants deny the allegations set forth in paragraph "59" of the Complaint.

60.     Paragraph "60" of the Complaint sets forth conclusions of law to which no response is necessary. To the extent a response is deemed necessary, Defendants deny the allegations set forth in paragraph "60" of the Complaint.

61.     Defendants deny the allegations set forth in paragraph "61" of the Complaint.

62.     Defendants deny the allegations set forth in paragraph "62" of the Complaint.

## COUNT II
### [Violation of the New York Labor Law]

63.     In response to the allegations set forth in paragraph "63" of the Complaint, Defendants repeat and reallege their responses to paragraphs "1" through "62" of the Complaint as if each were fully set forth herein.

64.     Paragraph "64" of the Complaint sets forth conclusions of law to which no response is necessary. To the extent a response is deemed necessary, Defendants deny the allegations set forth in paragraph "64" of the Complaint, except admit that Plaintiff was employed by 3 GUYS.

65.     Defendants deny the allegations set forth in paragraph "65" of the Complaint.

66. Defendants deny the allegations set forth in paragraph "66" of the Complaint.

67. Paragraph "67" of the Complaint sets forth conclusions of law to which no response is necessary. To the extent a response is deemed necessary, Defendants deny the allegations set forth in paragraph "67" of the Complaint.

68. Defendants deny the allegations set forth in paragraph "68" of the Complaint.

69. Defendants deny the allegations set forth in paragraph "69" of the Complaint.

70. Paragraph "70" of the Complaint sets forth conclusions of law to which no response is necessary. To the extent a response is deemed necessary, Defendants deny the allegations set forth in paragraph "70" of the Complaint, except admit that Plaintiff was notified of his rate of pay.

71. Paragraph "71" of the Complaint sets forth conclusions of law to which no response is necessary. To the extent a response is deemed necessary, Defendants deny the allegations set forth in paragraph "71" of the Complaint.

72. Paragraph "72" of the Complaint sets forth conclusions of law to which no response is necessary. To the extent a response is deemed necessary, Defendants deny the allegations set forth in paragraph "72" of the Complaint.

73. Paragraph "73" of the Complaint sets forth conclusions of law to which no response is necessary. To the extent a response is deemed necessary, Defendants deny the allegations set forth in paragraph "73" of the Complaint, except admit that Plaintiff was notified of his rate of pay.

74. Paragraph "74" of the Complaint sets forth conclusions of law to which no response is necessary. To the extent a response is deemed necessary, Defendants deny the allegations set forth in paragraph "74" of the Complaint.

75.     Paragraph "75" of the Complaint sets forth conclusions of law to which no response is necessary. To the extent a response is deemed necessary, Defendants deny the allegations set forth in paragraph "75" of the Complaint.

## AS TO THE PRAYER FOR RELIEF

Defendants deny that Plaintiff or the purported class or collective members are entitled to a judgment or any of the relief set forth in the "Prayer for Relief" and the "Wherefore" clause of the Complaint, including all subparagraphs (a) through (i) thereto.

## AS TO THE JURY DEMAND

Defendants admit that Plaintiff demands a trial by jury. Whether and to what extent Plaintiff is entitled to a trial by jury is a legal conclusion to which no response is required.

## AFFIRMATIVE AND OTHER DEFENSES

Without admitting any allegations asserted in the Complaint, Defendants assert the following affirmative and other defenses. Nothing stated in any of the following defenses constitutes a concession that Defendants bear any burden of proof on any issue on which they would not otherwise bear such burden.

1.     The Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

2.     The claims of Plaintiff and/or the putative collective/class are barred, in whole or in part, by the doctrines of accord and satisfaction, waiver, laches, estoppel, consent, unclean hands, comparative fault, contributory fault, and/or the applicable statute of limitations.

3.     Konstantinos is not a proper Defendant in this action because he was not, and is not, Plaintiff's "employer" within the scope of the Fair Labor Standards Act ("FLSA") or New York Labor Law ("NYLL").

4.     Plaintiff's claims and/or those of the putative class or collective action members are barred, in whole or in part, because Defendants at all times acted in good faith to comply with the FLSA and NYLL, and had reasonable grounds for believing they were in compliance with the FLSA and NYLL.  Defendants assert a lack of willfulness or intent to violate the FLSA and NYLL as a defense to any claim for liquidated damages made by Plaintiff and/or those of some or all of the putative class or collective action members.

5.     Plaintiff's claims are barred, in whole or in part, because Defendants relied upon and acted in good faith and in conformity with, written administrative regulations, orders, rulings, approvals, and/or interpretations of the United States Department of Labor, and/or any written and unwritten administrative practices or enforcement policies of the United States Department of Labor, within the meaning of the FLSA, 29 U.S.C. § 259, and/or New York State Department of Labor.

6.     Plaintiff and/or the putative collective/class members are not entitled to any equitable relief because they have an adequate remedy at law.

7.     The Complaint fails to satisfy the requirements for class treatment under Rule 23 of the Federal Rules of Civil Procedure and/or under New York law and/or regulations governing class treatment, and further fails to satisfy requirements for maintenance of a collective action under 29 U.S.C. § 216(b), including, *inter alia*, the requirement that Plaintiff be a proper class representative.  Therefore, this action may not be maintained as a class or collective action, and Plaintiff cannot sue as a representative party.

8.     Plaintiff cannot pursue claims on behalf of anyone who has not joined, or filed a consent to join, this action.

9.      This Court should not exercise supplemental jurisdiction over the causes of action in the Complaint that purport to arise under the NYLL and cannot exercise supplemental jurisdiction over Rule 23 state law class claimants who do not opt into the collective action.

10.     Plaintiff's and/or the putative class or collective action members' Rule 23 state law claims should be dismissed as such claims are inherently incompatible with Plaintiff's collective action claims under the FLSA and asserting both state law class action claims and FLSA collective action claims violates express Congressional intent.

11.     The Complaint's collective/class allegations should be dismissed because independent and individual analyses of Plaintiff and the putative collective/class members' claims and Defendants' defenses to such claims are required.

12.     Plaintiff cannot offer a model of damages that is amenable to class or collective treatment.

13.     Certification of a collective/class, as applied to the facts and circumstances of this case, would constitute a denial of Defendants' procedural rights and right to a trial by jury and to substantive and procedural due process, in violation of the Fourteenth Amendment of the United States Constitution.

14.     Plaintiff and/or the putative collective/class members' claims are barred, in whole or in part, because, to the extent any violations are established, they constitute *de minimis* violations.

15.     Class relief is not appropriate because one or more individuals who wish to serve as a class representative has interests that may conflict with the interests of the putative collective/class.

16.     Any claim for compensation or other damages as a result of contributions made by Plaintiff to a tip pooling or tip sharing arrangement fails to state a claim because all participants in the tip pool or tip sharing arrangement were tip eligible employees.

17.     Plaintiff and the putative collective/class members' claims are barred to the extent that Plaintiff lacks standing to bring them. In particular, Plaintiff, as a former employee, lacks standing to represent the putative collective/class of current employees of Defendants because they cannot seek injunctive relief. For these and other reasons, Plaintiff is an inadequate class representative as well.

18.     All decisions made with respect to Plaintiff and/or the putative class or collective action members and all actions taken with respect to their employment were/are made without malice, ill will, fraud, oppression, or any other improper motive.

19.     To the extent Plaintiff and/or the putative class or collective action members seek punitive damages, such claims are in contravention of constitutional safeguards provided under the Constitution of the United States of America and the corresponding state constitutional provisions.

20.     Plaintiff's claim and/or the putative class or collective action members' claim for damages must be dismissed to the extent that they have failed, refused, and/or neglected to mitigate or avoid the damages complained of in the Complaint, or to the extent that they have been mitigated.

21.     If Plaintiff and/or any putative collective/class members succeed in establishing any violation under the FLSA and/or NYLL, and to the extent any sums are found due and owing, Defendants are entitled to a set-off against said sum to the extent paid, tendered, waived, compromised, and/or released prior to the adjudication herein, including but not limited to those

amounts paid, tendered, waived, compromised, and/or released through any other proceeding, either formal or informal, or to the extent any additional compensation was paid to Plaintiff and/or any putative collective/class members over and above their wages and/or beyond the time period compensable under the FLSA and/or NYLL.

22.     Even if Defendants have, in fact, failed to pay Plaintiff and/or any putative class members for any of the activities alleged in the Complaint (which they have not), such activities were preliminary or postliminary to principal activities or do not constitute compensable work under the FLSA or NYLL, and, furthermore, such activities were not an integral and indispensable part of the principal activities of employment and are not compensable.

23.     Plaintiff's and/or the putative collective/class members' FLSA claims pertaining to alleged unpaid work time for non-overtime hours fails in any workweek in which their total compensation for the week exceeds the minimum wage for all non-overtime hours worked that week.

24.     At all times, Defendants made complete and timely payments of all wages due to Plaintiff and/or putative collective/class members under Article 6 or Article 19 or Article 19-A of the NYLL or under the FLSA.

25.     At all times, Defendants reasonably believed in good faith that they provided Plaintiffs and/or putative collective/class members with adequate notice of wage information pursuant to New York Labor Law § 195(1).

26.     To the extent Plaintiff seeks penalties under NYLL for any claims, these claims may not proceed as a class action by operation of New York Civil Practice Law and Rules § 901(b).

27.     To the extent discovery reveals that Plaintiff and/or the putative collective/class members falsely reported their hours or tips, and there is no evidence their employer knew or should have known that they were providing false information regarding their hours, Defendants hereby invoke the doctrine of estoppel to bar the claims asserted by Plaintiff and/or the putative collective/class members.

28.     To the extent Plaintiff and/or putative collective/class members assert NYLL minimum wage claims that accrued prior to January 1, 2011, such claims are barred, in whole or in part, by Defendants' compliance with the spread of hours requirements and/or tip allowance requirements applicable to service workers and/or food service workers pursuant to 12 N.Y.C.R.R. §§ 137-1.1, et seq. (2010).

29.     Plaintiff and/or some or all of the putative class or collective action members are not entitled to declaratory or injunctive relief.

30.     Plaintiff and/or some or all of the putative class or collective action members are not entitled to pre-judgment or post-judgment interest.

31.     Some or all of the affirmative or other defenses asserted herein may apply to the claims that may be asserted by some or all of the allegedly "similarly situated" persons, as described in the Complaint.

32.     Plaintiff and/or some or all of the putative class or collective action members' claims are barred, in whole or in part, to the extent that the work he/they performed falls within exemptions, exceptions, or exclusions provided under the FLSA, 29 U.S.C. § 201, *et seq.*, and NYLL, or, alternatively, should be reduced by any credits, recoupments or offsets provided under the FLSA and NYLL.

33.     In addition to the foregoing defenses, Defendants reserve the right to raise any and all other defenses that may become evident during discovery and during any other proceedings in this action or to pursue any available counterclaims against Plaintiff or any putative collective/class member who joins this action as those claims become known during this litigation.

**WHEREFORE**, Defendants deny that Plaintiff and/or the putative class or collective action members are entitled to judgment in any amount whatsoever, and respectfully submit that the entire Complaint should be dismissed in its entirety on the merits and with prejudice, and that Defendants be awarded their costs incurred in defending this lawsuit, including their reasonable attorneys' fees, as well as such other legal and equitable relief as the Court deems just and proper.

Date:   May 31, 2016
        Melville, New York

_____
Guy M. Allen
William H. Ng
LITTLER MENDELSON, P.C.
290 Broadhollow Road
Suite 305
Melville, NY 11747
631.247.4700

*Attorneys for Defendants*
*AZK Restaurant, Inc. d/b/a 3 Guys Restaurant*
*and Konstantinos Athanasiou*

Firmwide:140447604.3 088820.1001