<u>**SETTLEMENT AGREEMENT AND RELEASE**</u>

This Settlement Agreement and Release (the "Agreement") is made and entered into by and between Salvador Mendoza, on behalf of himself (hereinafter "Plaintiff" or "Mendoza"), on the one hand, and AZK Restaurant, Inc. d/b/a 3 Guys Restaurant and Konstantinos Athanasiou (the corporate and individual defendant collectively referred to as the "Defendants"), on the other hand.

**WHEREAS**, Plaintiff has alleged that he worked for Defendants from on or about April 15, 2012 until on or about March 1, 2016;

**WHEREAS**, on or about March 29, 2016, Plaintiff commenced an action against the Defendants in the United States District Court for the Southern District of New York, where it was assigned Civil Action Case Number 16-Civ-2286 (KNF), alleging, among other things, on behalf of himself and those alleged to be similarly situated, that the Defendants violated the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") by failing to pay minimum wage and overtime compensation (the "Complaint" or the "Action");

**WHEREAS**, although the Complaint was styled as a class and collective action, no certification of a class or collective action was obtained as to any claims asserted in the Complaint;

**WHEREAS**, Defendants deny all allegations of wrongdoing made by Plaintiff and a Court has not made any findings with respect to the merits of Plaintiff's claims;

**WHEREAS**, Defendants and the Plaintiff (collectively referred to as the "Parties") desire to resolve and settle all wage and hour matters and potential wage and hour matters between them in an amicable manner without the expense and aggravation of continued litigation; and

**NOW, THEREFORE**, with the intent to be legally bound, and for good and valuable consideration, the sufficiency and receipt of which the Parties acknowledge, the Parties agree as follows:

1.      **Consideration**: In consideration for Plaintiff's execution of this Agreement and agreement to all the terms and conditions of this Agreement, and provided that Plaintiff accepts the terms and conditions of the Agreement, Defendants shall pay to Plaintiff, the gross sum of Sixty Thousand Dollars and No Cents ($60,000.00) (the "Settlement Amount").

Within seven (7) business days of the date counsel for Defendants receives: (i) this Agreement, fully executed and signed by Plaintiff; and (ii) the Joint Stipulation for Dismissal with Prejudice (the "Stipulation") in the form attached as **Exhibit "A"** signed by Plaintiff's counsel of record in the Action, the Parties will submit a Joint Motion for Approval of the Settlement Agreement to the Court, along with the Stipulation.  Provided that the Stipulation is So-Ordered by the Court, the Settlement Amount shall be paid and reported as follows:

(a)      The breakdown of money shall be as follows: (1) Twenty Thousand Dollars and No Cents ($20,000.00) to Salvador Mendoza, representing payment for alleged liquidated damages and penalties under the NYLL and FLSA; (2) Twenty Thousand Dollars and No Cents

1

($20,000.00) to Salvador Mendoza, less applicable tax withholdings and deductions required by law, representing payment for any and all unpaid overtime and other wages under the NYLL and FLSA; and (3) Twenty Thousand Dollars and No Cents ($20,000.00) to Cilenti & Cooper, representing payment for Plaintiff's attorneys' fees, costs and expenses incurred in this matter.

(b)     Fourteen (14) days after the Court So-Orders the Stipulation, Defendants will deliver to Plaintiff's counsel Six Thousand Dollars and No Cents ($6,000.00) as follows:

1.  Two Thousand Dollars and No Cents ($2,000.00), less applicable tax withholdings and deductions required by law, payable to "Salvador Mendoza";

2.  Two Thousand Dollars and No Cents ($2,000.00), payable to "Salvador Mendoza"; and

3.  One Two Thousand Dollars and Zero Cents ($2,000.00), payable to "Cilenti & Cooper, PLLC," representing attorneys' fees, costs and expenses.

(c)     On or before the date that is thirty (30) days following the date payment is made in Paragraph 1(b), and continuing on a monthly basis for nine (9) consecutive months (for a total of ten [10] installment payments), Defendants will deliver to Plaintiff's counsel Six Thousand Dollars and No Cents ($6,000.00) for the same amount to and to be distributed in the same proportions.

(c)     Plaintiff will provide a signed IRS Form W-4 Employee's Withholding Allowance Certificate with his current address and confirming his Social Security or Tax Identification Number in order for Defendants to make proper withholdings and prepare accurate IRS Form W-2 and IRS Form 1099 statements.  In addition, Cilenti & Cooper, PPLC will provide Defendants with their federal tax identification number and a completed IRS Form W-9, and Defendants will issue the appropriate IRS Form 1099 to the firm.

(d)     All payments set forth above shall be delivered to or mailed to the attention of Plaintiff's counsel, Justin Cilenti, Esq., Cilenti & Cooper, PLLC, 708 Third Avenue, 6th Floor, New York, New York 10017, so as to be received by the dates indicated above.

(e)     Concurrently with the execution of this Agreement, AZK Restaurant, Inc. and Konstantinos Athanasiou shall execute an Affidavit of Confession of Judgment in the form attached hereto as **Exhibit "B."**  AZK Restaurant, Inc. and Konstantinos Athanasiou shall provide Plaintiff's counsel with executed Affidavit of Confession of Judgment bearing an original signature.  The Affidavit of Confession of Judgment will be held in escrow by Plaintiff's counsel.  In the event Defendants are in default of any of the payments required under Paragraph 1 of this Agreement, Plaintiff shall provide ten (10) calendar days' written notice to Defendants' counsel (as defined below) of his intent to file the Affidavit of Confession of Judgment with the clerk of this Court or any court of competent jurisdiction for judgment to be entered against AZK Restaurant, Inc. and Konstantinos Athanasiou, jointly and severally, declaring One Hundred Thousand Dollars and No Cents ($100,000.00) immediately due and payable, including the applicable federal post-judgment interest at the time of filing, as well as reasonable attorneys' fees and costs incurred in connection with any legal proceeding to collect that portion of the Settlement Amount which has not yet been paid, less any payments already made by Defendants

2

pursuant to this Agreement. Defendants will have ten (10) calendar days from the receipt of said notice of default to remedy any default before Plaintiff files the Affidavit of Confession of Judgment. If Plaintiff files the Affidavit of Confession of Judgment, Defendants shall be entitled to a set-off of any amounts already paid by Defendants under this Agreement.

In the event that any payments described in Paragraph 1 are not received by Plaintiff's counsel by the dates set forth above, Plaintiff's counsel shall notify Defendants' counsel, William Ng, Esq., via email at wng@littler.com, and facsimile at (631) 918-7068. Notice shall be deemed received by Defendants on the date written notice is emailed and faxed to Defendants' counsel.

2.    **Full Payment**:  Plaintiff agrees and affirms that the payments described in Paragraph 1 above shall constitute the entire amount of monetary consideration provided to Plaintiff and Plaintiff's legal counsel. This amount shall include compensation for alleged damages to Plaintiff and for any and all harm which he may have suffered because of any acts or omissions of the Defendants as alleged in the Action or relating in any way to his relationship with Defendants, including any claims for wages or overtime pay under state and federal law or common law. Plaintiff agrees that these payments are inclusive of any claim for attorneys' fees, costs, interest, and/or other expenses.

3.    <u>Release of Wage and Hour Claims by Plaintiff:</u>

(a)    In consideration of the promises, payments and actions of the Plaintiff set out in this Agreement and other good and valuable consideration, the receipt of which is hereby acknowledged, Plaintiff, with respect solely and only to conduct that has arisen on, or prior to, the date this Agreement is executed, fully and forever releases, relieves, waives, relinquishes, and discharges Defendants from all actions, causes of action, suits, debts, dues, liabilities, obligations, costs, expenses, sums of money, controversies, accounts, reckonings, liens, bonds, bills, specialties, covenants, contracts, agreements, promises, damages, judgments, executions, claims and demands concerning wage and hour matters, including any and all claims arising under the Fair Labor Standards Act, the New York Labor Law, and the Wage Theft Prevention Act, as well as claims for minimum wages, overtime, commissions, whether based on common law or otherwise, and all claims for improper deductions, travel time, spread of hours pay, bonuses, expenses, reimbursements, gratuities, tip credits, tip allowances, service charges and retained gratuities during Plaintiff's employment with Defendants and any other compensation or wages, liquidated damages, compensatory damages, punitive damages, penalties, attorneys' fees, interests and/or costs. This release is limited solely and only to wage and hour claims that have arisen on, or prior to, the date this Agreement is executed and transmitted to counsel for Defendants and it does not release or discharge any claims that may occur after that date.

4.    <u>Covenant Not to Sue</u>:  Plaintiff agrees not to file a lawsuit or commence any other legal proceeding against the Defendants concerning any matter released in this Agreement. If Plaintiff breaches this Paragraph, Defendants will be entitled to seek recovery of their costs, including their reasonable attorneys' fees, relating to the Defendants' enforcement of this Agreement and/or defense of such claims.

3

5.     **Claims Excluded from the Agreement**:     Plaintiff's release of claims set forth in Paragraph 4 of this Agreement shall not prevent Plaintiff from filing a charge or participating in any investigation or proceeding conducted by the United States Equal Employment Opportunity Commission, National Labor Relations Board, and/or any other governmental agency charged with enforcement of any law, provided, however, that Plaintiff further agrees and understands that he has waived any right to recover monetary damages or other relief personal to Plaintiff in any such charge, complaint or lawsuit filed by his or on his behalf in any way relating to any Released Claims.

6.     **Submission to Court for Approval and Purposes of Dismissing the Action With Prejudice**:

        The Parties intend for the Plaintiff to waive any and all wage and hour claims he may have against Defendants, including claims under the Fair Labor Standards Act, and therefore desire that this Agreement be approved by the United States District Court. Accordingly, the Parties agree to file a Joint Motion for Approval of the Settlement Agreement after full execution of this Agreement.

        Upon execution of this Agreement, the Parties agree to immediately execute the "Joint Stipulation for Dismissal with Prejudice," in the form annexed hereto as Exhibit A, which will be filed with the Court along with the Joint Motion for Approval of the Settlement Agreement.

        Court approval and dismissal of this action is a material condition of this Agreement and the Parties' obligations hereunder. Failure of the Court to approve this Agreement and enter the Parties' Stipulation renders this Agreement null and void and no payments shall be made pursuant to Paragraph 1 of the Agreement.

7.     **Taxes and Withholding**: If, for any reason, it is determined by any federal, state, or local taxing authority that any portion of the payments set forth in Paragraph 1 should have been subject to further taxation or withholding, Plaintiff agrees that he shall assume all responsibility for the payment of any employee taxes, interest and penalties assessed in connection with the portion paid to him individually or on his behalf, and that he shall protect, indemnify and hold harmless the Defendants and Releasees from any withholding or tax payment, interest, and penalties paid by the Defendants thereon with respect to the payment of any such taxes.

8.     **No Admission of Liability**:  Neither this Agreement nor anything contained herein constitutes or is intended to constitute any finding of fact, admission of liability or assessment of liability by any Defendant under any law, ordinance, rule, regulation, policy or order with respect to any claim that Plaintiff has asserted, could have asserted, or may assert in connection with Plaintiff's employment. Defendants have consistently denied, and continue to deny, each and every allegation of wrongdoing made by Plaintiff, and have agreed to enter into this Agreement for the sole purpose of avoiding the cost and inconvenience of further litigation.

9.     **Bona Fide Dispute**: This Agreement is in settlement of disputed claims.  The Parties agree that there is a *bona fide* dispute as to whether Plaintiff could prevail on the merits

of his FLSA and NYLL claims and that the amount being paid to Plaintiff, as indicated in Paragraph 1, is a fair and reasonable resolution to this *bona fide* dispute.

10.    **Mutual Non-Disparagement:**  Plaintiff agrees that he will not make, or cause to be made, any critical, derogatory, disparaging, defamatory, or untruthful statements about the Defendants, or any of the Releasees (as defined in Paragraph "3" above), whether by electronic, written, or oral means, to any of Defendants' past, present, or future customers, competitors, employees, or to any other person (including, but not limited to, her employers, the press or other media). Defendant Konstantinos Athanasiou agrees that he will not make, or cause to be made, any critical, derogatory, disparaging, defamatory, or untruthful statements about the Plaintiff or any member of Plaintiff's family, whether by electronic, written or oral means, to any of Plaintiff's employers, potential employers, or to any other person (including, but not limited to, the press or other media).

11.    **Changes to the Agreement**:  This Agreement may not be changed unless the changes are in writing and signed by all of the Parties or their designees.

12.    **No Other Complaints or Charges**:  Plaintiff hereby represents that other than the Action, he has no pending actions, administrative charges or complaints, grievances, or arbitrations involving the Released Claims against any of the Releasees.

13.    **Future Employment.**  Plaintiff agrees that he will not at any time in the future knowingly seek employment with Defendants or Releasees, and hereby waives any right that may accrue to him from any application for employment that he may make (whether knowingly or unknowingly), or any employment that he may receive, notwithstanding this Paragraph. By this Agreement, Plaintiff intends to remove himself from consideration for future employment with Defendants, and agrees that execution of this Agreement shall constitute good and sufficient cause to reject any application Plaintiff may make for employment or to terminate any such employment he may obtain notwithstanding this Paragraph.  Plaintiff acknowledges and agrees that he has no right to any reinstatement or re-employment by Defendants, or Releasees at any time.

14.    **Severability**:  The Parties agree that in the event any provision(s) of this Agreement is judicially declared to be invalid or unenforceable, only such provision or provisions shall be invalid or unenforceable without invalidating or rendering unenforceable the remaining provisions hereof.

15.    **Governing Law**:  This Agreement, and all of its terms, shall be interpreted, enforced and governed under the laws of the State of New York, without regards to conflict of laws principles.

16.    **Jurisdiction.**  The Parties expressly agree that the United States District Court for the Southern District of New York ("SDNY") shall retain sole and exclusive jurisdiction over any action or proceeding to enforce or otherwise arising out of this Agreement.  By execution of this Agreement, each Party irrevocably and unconditionally: (i) submits to the jurisdiction (both subject matter and personal) of the SDNY in any action or proceeding a Party hereto reasonably commences for the purpose of enforcing this Agreement; (ii) waives any objection they may now

or hereafter have to venue of legal proceedings arising out of this Agreement brought in the SDNY; and (iii) waives any claim that any action or proceeding arising out of this Agreement brought in the SDNY has been brought in an inconvenient forum.

17.    **Assignment of Claims**: Plaintiff hereby represents and warrants that he has not assigned or transferred or purported to assign or transfer to anyone any claim, action or cause of action based upon, arising out of, or connected in any way with any of the matters released herein.

18.    **Voluntary Agreement**: Plaintiff represents and agrees that:

(a)    He is not suffering from any impairment that would render him incapable of reading, considering, and understanding the terms of this Agreement, and is fully able to read, consider and understand the terms of this Agreement, all of which have been explained to him;

(b)    He has signed this Agreement freely and voluntarily and without duress;

(c)    No promise or representation of any kind or character, other than those contained in this Agreement, has been made by any of the Releasees or anyone acting on their behalf to induce Plaintiff to enter into this Agreement; and

(d)    He was advised and hereby is advised to consider carefully the terms of this Agreement and consult with legal counsel prior to executing it, and has had a reasonable period of time in which to consider the terms of this Agreement before executing it.

19.    **Full and Complete Agreement**: This Agreement constitutes the full and complete agreement between the Parties, and fully supersedes any and all prior agreements, commitments or understandings between the parties, pertaining to the subject matter hereof.

20.    **Waiver**. No provision herein may be waived unless in writing and signed by the Party or Parties whose rights are thereby waived. Waiver of any one provision, or portion thereof, shall not be deemed a waiver of any other provision herein. The waiver of any breach of any provision of this Agreement by any Party shall not be deemed a waiver of any subsequent or prior breach.

21.    **Fair Meaning**: The language of all parts of this Agreement shall in all cases be construed as a whole according to its fair meaning, and not strictly for or against any of the Parties, regardless of who drafted it.

22.    **Counterparts**: This Agreement may be executed in counterparts, each of which shall serve as an original as against any Party who signed it, and all of which taken together shall constitute one and the same document. A copy of a Party's signature on this Agreement shall be acceptable in any action against that Party to enforce this Agreement.

23.    **Headings**: The headings in this Agreement are for the convenience of the Parties and are not intended to modify any of the terms of this Agreement.

24.    **Facsimile/Email**:  An executed facsimile or email copy of this Agreement will have the same force and effect as the original.

25.    **Notices**:  All notices or communications under this Agreement (other than the notice of default as set forth in paragraph 1(e) above) shall be delivered by hand, registered mail, certified mail (return receipt requested), or overnight mail to the address of Defendants' Counsel or Plaintiff's Counsel, respectively, as follows:

Defendants' Counsel:

William Ng, Esq.
Littler Mendelson, P.C.
290 Broadhollow Road, Suite 305
Melville, New York 11747

Plaintiff's Counsel:

Justin Cilenti, Esq.
Cilenti & Cooper, PLLC
708 Third Avenue, 6th Floor
New York, New York 10017

Either Party may give notice of change of address in writing as set forth in this Paragraph.   If registered or certified mail is used, actual delivery will be deemed to be the date set forth in the official U.S. Postal Service date stamp on the registered or certified mail receipt.

28.    **Authority to Execute Agreement**:  The undersigned individuals hereby warrant and represent that they have the full authority to make the representations and warranties contained in this Agreement, and to execute and perform this Agreement, on behalf of the individuals and entities for which or whom they have signed, and that they are acting within the scope of their authority.

**BY SIGNING THIS AGREEMENT, PLAINTIFF ACKNOWLEDGES THAT HE HAS CAREFULLY READ THIS AGREEMENT, UNDERSTANDS IT, AND IS VOLUNTARILY ENTERING INTO OF HIS OWN FREE WILL, WITHOUT DURESS OR COERCION, AFTER DUE CONSIDERATION OF ITS TERMS AND CONDITIONS. PLAINTIFF IS ADVISED TO SPEAK WITH AN ATTORNEY BEFORE SIGNING THIS AGREEMENT.**

**AGREED:**

SALVADOR MENDOZA

By: _____

Dated: __11/21/16__

AZK RESTAURANT, INC. d/b/a
3 GUYS RESTAURANT

By: _____

Dated: _____

7

24.   **Facsimile/Email**:  An executed facsimile or email copy of this Agreement will have the same force and effect as the original.

25.   **Notices**: All notices or communications under this Agreement (other than the notice of default as set forth in paragraph 1(e) above) shall be delivered by hand, registered mail, certified mail (return receipt requested), or overnight mail to the address of Defendants' Counsel or Plaintiff's Counsel, respectively, as follows:

Defendants' Counsel:

> William Ng, Esq.
> Littler Mendelson, P.C.
> 290 Broadhollow Road, Suite 305
> Melville, New York 11747

Plaintiff's Counsel:

> Justin Cilenti, Esq.
> Cilenti & Cooper, PLLC
> 708 Third Avenue, 6th Floor
> New York, New York 10017

Either Party may give notice of change of address in writing as set forth in this Paragraph.  If registered or certified mail is used, actual delivery will be deemed to be the date set forth in the official U.S. Postal Service date stamp on the registered or certified mail receipt.

28.   **Authority to Execute Agreement**:  The undersigned individuals hereby warrant and represent that they have the full authority to make the representations and warranties contained in this Agreement, and to execute and perform this Agreement, on behalf of the individuals and entities for which or whom they have signed, and that they are acting within the scope of their authority.

BY SIGNING THIS AGREEMENT, PLAINTIFF ACKNOWLEDGES THAT HE HAS CAREFULLY READ THIS AGREEMENT, UNDERSTANDS IT, AND IS VOLUNTARILY ENTERING INTO OF HIS OWN FREE WILL, WITHOUT DURESS OR COERCION, AFTER DUE CONSIDERATION OF ITS TERMS AND CONDITIONS. PLAINTIFF IS ADVISED TO SPEAK WITH AN ATTORNEY BEFORE SIGNING THIS AGREEMENT.

AGREED:

SALVADOR MENDOZA

By:_____

Dated:_____

AZK RESTAURANT, INC. d/b/a
3 GUYS RESTAURANT

By: _____

Dated: _11 - 22 - 16_

7

KONSTANTINOS ATHANSIOU

By: _____

Dated: __11 - 2 2 - 16__

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SALVADOR MENDOZA, on behalf of himself and others similarly situated, | Docket No.: 16-cv-2286 (KNF) |
| Plaintiff, | |
| -against- | **JOINT STIPULATION FOR DISMISSAL WITH PREJUDICE** |
| AZK RESTAURANT, INC. d/b/a 3 GUYS RESTAURANT, and KONSTANTINOS ATHANASIOU, | |
| Defendants. | |

WHEREAS, on March 29, 2016, Plaintiff filed a complaint, which asserted claims for, *inter alia*, unpaid minimum wages and overtime compensation under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), and the New York Labor Law;

WHEREAS, the parties reached a settlement of this action through arms-length negotiations, the terms of which have been reviewed and are considered fair and reasonable, and which are incorporated herein by reference; and

WHEREAS, the United States District Court for the Southern District of New York, shall retain jurisdiction over all proceedings solely to enforce the terms of the settlement between the parties in this action;

IT IS HEREBY STIPULATED AND AGREED by and between the undersigned counsel for Plaintiff and Defendants, that this action is hereby dismissed and discontinued in its entirety with prejudice pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure.

Dated: _11/30_ , 2016

**CILENTI & COOPER, PLLC**

By: Justin Cilenti, Esq.
708 Third Avenue, 6th Floor
New York, NY 10017
(212) 209-3933
jcilenti@jcpclaw.com

*Attorneys for Plaintiff*

SO ORDERED:

Dated: _Nov. 29_ , 2016

**LITTLER MENDELSON, P.C.**

By: William Ng, Esq.
290 Broadhollow Road, Suite 305
Melville, New York 11747
(631) 247-4700
wng@littler.com

*Attorneys for Defendants*

_____
Hon. Kevin Nathaniel Fox, Magistrate Judge

# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SALVADOR MENDOZA, on behalf of himself
and others similarly situated,

                    Plaintiff,

          -against-

AZK RESTAURANT, INC. d/b/a 3 GUYS
RESTAURANT, and KONSTANTINOS
ATHANASIOU,

                    Defendants.

---

Docket No.: 16-cv-2286 (CM)(KNF)

**AFFIDAVIT OF CONFESSION OF
JUDGMENT**

STATE OF NEW YORK        )
                         )  ss.:
COUNTY OF QUEENS         )

**KONSTANTINOS ATHANASIOU**, being duly sworn, deposes and says:

1.      I am a named defendant in the related to the above-entitled action.

2.      I am also a Releasee of a Settlement Agreement between the parties to the above-entitled action.

3.      I am the Owner of defendant AZK Restaurant, Inc. d/b/a 3 Guys Restaurant.

4.      I reside at 147-17 12th Avenue, Whitestone, New York 11357.

5.      I have authority to sign on behalf of myself, and on behalf of AZK Restaurant, Inc., and I am duly authorized to make this affidavit on my own, as well as on AZK Restaurant, Inc.'s, behalf.

6.      I make this affidavit pursuant to Section 3218 of the New York Civil Practice Law and Rules, in support of Plaintiff's application for the entry of a judgment by confession against me in the above-captioned action, involving Plaintiff's allegation of wage and hour violations.

7.      This is a judgment to be confessed for money due.

8.    In or around November 2016, Defendants and Releasees, including myself, agreed to pay the gross sum of Sixty Thousand Dollars and No Cents ($60,000.00) to Plaintiff in exchange for the dismissal of the lawsuit with prejudice and the Parties' execution of a Settlement Agreement and Release (the "Agreement").

9.    Under the terms of the Agreement, Defendants and Releasees, including myself, agreed to pay a total gross settlement amount of gross sum of Sixty Thousand Dollars and No Cents ($60,000.00) to Plaintiff, pursuant to an installment payment plan as set forth in the Agreement.

10.   Under the terms of the Agreement, if Defendants, including myself, are in default in the payment of any of the said installments, Plaintiff shall provide ten (10) calendar days' written notice to Defendants of his intent to file the Affidavit for Confession of Judgment with the clerk of any court of competent jurisdiction.  To exercise this right, Plaintiff shall notify Defendants' counsel, William Ng, via email and regular mail at Littler Mendelson, P.C., 290 Broadhollow Road, Suite 305, Melville, NY 11747, wng@littler.com, of his intent to do so, and Defendants shall have ten (10) calendar days to remedy their default.

11.   If Defendants do not remedy their default within ten (10) calendar days of their receipt of such notice, I hereby authorize the entry of judgment against AZK Restaurant, Inc. and myself, jointly and severally, in the amount of One Hundred Thousand Dollars and No Cents ($100,000.00), plus interest calculated at the now applicable federal post-judgment interest rate from the date the Agreement was executed, less any payments already made by Defendants under said Agreement.  Defendants, including myself, jointly and severally agree to indemnify Plaintiff for all reasonable attorneys' fees and costs, as may be determined by a Court of competent jurisdiction, incurred in connection with any legal proceeding to collect that portion of the Settlement which has not yet been paid.

12.    I hereby represent my understanding that upon Defendants' breach of the Settlement Agreement and failure to cure under same, this Confession of Judgment shall be docketed and entered as a judgment against AZK Restaurant, Inc. and myself, jointly and severally, against all property, of any kind, in which any of them, collectively or individually, have any ownership interest.

13.    I hereby authorize this confessed judgment to be entered with the clerk of this Court or any court of competent jurisdiction.

Dated:      New York, New York
            Nov. 22 , 2016


                                        _____
                                        KONSTANTINOS ATHANASIOU,
                                        individually and as duly authorized officer
                                        of AZK Restaurant, Inc. (d/b/a 3 Guys
                                        Restaurant)

## PERSONAL ACKNOWLEDGMENT OF
## KONSTANTINOS ATHANASIOU

STATE OF NEW YORK     )
                      ) ss:
COUNTY OF Suffolk     )

On the 22 day of November, 2016, before me personally came Konstantinos Athanasiou, to me known, and known to me to be the individual described in, and who executed the foregoing document and duly acknowledged to me that he executed the same.

_Maureen Willett_
Notary Public

Maureen Willett
Notary Public, State of New York
Reg. No. 01WI4874655
Qualified in Suffolk County
Commission Expires on October 27, 201_8_

## CORPORATE ACKNOWLEDGMENT OF
## AZK RESTAURANT, INC.

STATE OF NEW YORK     )
                      ) ss:
COUNTY OF Suffolk     )

On the 22 day of November 2016, before me personally came Konstantinos Athanasiou as the Owner of AZK Restaurant, Inc., to me known who, being by me duly sworn, did depose and say that he is the Owner of AZK Restaurant, Inc., and that he is the individual described in and who executed the foregoing Affidavit of Confession of Judgment, and duly acknowledged to me that he executed the same.

_Maureen Willett_
Notary Public

Maureen Willett
Notary Public, State of New York
Reg. No. 01WI4874655
Qualified in Suffolk County
Commission Expires on October 27, 201_8_